Dear Ms. Adley,
Your request for an Attorney General's opinion has been forwarded to me for research and reply. In your request you ask the following questions concerning the Bossier Republican Parish Executive Committee:
1. Does La.R.S. 18:444 have priority over the Republican Party State Central Committee ("RSCC") bylaws?
2. Can the Bossier Republican Parish Executive Committee ("RPEC") adopt the bylaws of the RSCC?
3. Should the RPEC follow La.R.S. 18:444(C)(2) or the RSCC bylaws regarding proxy voting?
4. Should unsigned emails be allowed as voting proxy?
Any question involving political parties that are recognized by the state of Louisiana are governed by the provisions of the Election Code, La.R.S. 18:1, et seq. Specifically, Part III of the Election Code, codified at La.R.S. 18:441-447, pertains to "Political Parties" which defines the relative powers and duties of state central committees and parish executive committees as follows:
La.R.S. 18:442, entitled Organization provides in pertinent part:
A recognized political party shall be controlled and directed by one state central committee and a parish executive committee for each parish.
La.R.S. 18:443, entitled State Central Committee states in pertinent part:
 * * *
E. The state central committee of a recognized political party may adopt rules and regulations for its government that are not inconsistent with laws of this state and it may create any committee it deems necessary. *Page 2 
 * * *
La.R.S. 18:444, entitled Parish Executive Committees further provides in pertinent part:
 * * *
E. Powers of the committee. The parish executive committee of a recognized political party may adopt rules and regulations for its government that are not inconsistent with the laws of this state or the rules and regulations of the state central committee, and it may create any committee it deems necessary.
 * * *
Question 1:
In response to your first question, the RSCC may adopt any rules or regulations (bylaws) that are not inconsistent with the laws of the State of Louisiana. The Election Code establishes a hierarchy which requires that the powers of a party's parish executive committee be subject to the rules and regulations established by their state central committee, but that rules or regulations of the state central committee are subject to the laws of this state.[1] Consequently, a parish executive committee cannot adopt any rules and regulations that are inconsistent with any of the rules and regulations of the state central committee, which in turn, cannot adopt any rule or regulation in conflict with Louisiana law. Where there exists an inconsistency between the rules and regulations adopted by a state central committee and the laws of this state, the latter shall control.[2] Accordingly, since the RSCC's bylaws must be consistent with state law, Louisiana law takes precedence over the bylaws of a state central committee.
Question 2:
Yes, the RPEC may adopt the bylaws of the RSCC that are not inconsistent with state law. La.R.S. 18:444(E) allows the RPEC to decide whether to operate under the bylaws of the RSCC or to adopt its own bylaws that are not inconsistent with the laws of the stateor the state central committee's rules and regulations.[3]
In Attorney General Opinion 04-0200, we reasoned the following:
The Election Code does not address specific powers of a parish executive committee, but leaves it up to each committee to provide for its own government through rules and regulations pursuant to R.S. 18:444(E), not inconsistent with state law or the rules and regulations of the state central committee. [Y]ou should refer to the state central committee's rules and regulations before adopting same. *Page 3 
Consequently, the RPEC may adopt and operate under any state central committee rule that is not inconsistent with state law; however, it may adopt its own rules and regulations in accordance with La.R.S. 18:444(E).
Questions 3 4:
The Election Code provides for proxy voting by state central committees and parish executive committees. La.R.S. 18:443 sets forth the guidelines for proxy voting by a state central committee member as follows:
(C) The newly-elected members of the state central committee of a recognized political party shall meet at the state capitol, shall take office, and shall organize the committee within forty days following their election. A majority of the newly-elected members of the committee shall constitute a quorum. No member shall exercise the proxy votes of more than three other members at any meeting. A member shall not vote by proxy at more than two consecutive meetings. No member shall exercise the proxy vote of a member who does not reside in the same congressional district as the member who exercises the proxy vote.
Under La. RS. 18:444, a parish executive committee member may vote by proxy:
(C)(2) Proxy voting. A member of a parish executive committee may vote by written proxy subject to the following conditions:
(a) A member shall not vote by proxy at more than two consecutive meetings.
(b) A member shall exercise the proxy votes of no more than two other members at any time.
By enacting the above statutes, the Legislature has expressly given state and parish political parties the authority to vote by proxy. As a result, it is the opinion of this office that the state and parish political parties of Louisiana will be allowed to vote by proxy because it is expressly provided for in La.R.S. 18:443(C) and 444(C)(2).[4]
In this situation, pursuant to the authority given in La.R.S. 18:443(E) the RSCC adopted in their bylaws the following proxy requirements: *Page 4 
Article VII, Section 7. Proxies shall be allowed in taking of the roll, in calculating a quorum and in all votes cast. Members may be represented by proxy subject to the following conditions:
(1) Any Member must direct his proxy to another Member who resides in either the same Congressional district, the same State Representative District, or the same parish as the Member giving the proxy;
(2) proxies shall be in writing and acknowledged before a notary public or signed in the presence of two witnesses who also sign the proxy;
(3) no Member may exercise the proxy of more than two other Members at any meeting;
(4) no proxy may be directed to or voted by the Chairman. The Credentials Committee shall deliver the written proxies received at each meeting to the Secretary, who shall retain the proxies for a period of not less than six months after adjournment of the meeting;
(5) no member shall be allowed to proxy unless that member has attended one of the two previous regular meetings in person. Said member must attend a regular meeting in person before being allowed to proxy at any future regular meeting.
La.R.S. 18:444(C)(2) allows members of a parish executive committee to vote by written proxy at no more than two consecutive meetings and further restricts the proxy votes to no more than two members at anytime. When these requirements are compared to the RSCC's bylaws on proxies, the bylaws of the state committee are inconsistent with La.R.S. 18:444(C)(2) because the bylaws do not restrict a member to proxy voting at no more that two consecutive meetings. As a result of this inconsistency, the parish executive committee proxy voting requirements under state law take precedence over the RSCC's bylaws on proxy voting. Therefore, the RPEC must follow the requirements set forth in La.R.S. 18:444(C)(2) if a member votes by proxy.[5]
In response to whether unsigned emails can be used as a proxy vote, it is the opinion of this office that a proxy vote submitted by email cannot be counted because the vote would be in direct contravention of Louisiana law. As stated above, state law expressly permits proxy voting as outlined in La.R.S. 18:443(C) and 444(C)(2). Louisiana has no laws or jurisprudence that authorize a proxy vote to be submitted by email. La.R.S. 18:444(C)(2) only allows a member of a parish executive committee to vote by written proxy subject to certain restrictions discussed above and does not address whether an email can be used to submit a proxy vote. As a result, since state law does not *Page 5 
expressly authorize proxy voting by email, any proxy vote by email should not be accepted.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By: __________________________ Meridith J. Trahant Assistant Attorney General
JDC/MJT/ard
[1] La.R.S. 18:443(E) and 444(E); Atty. Gen. Op. 85-0174.
[2] Atty. Gen. Op. 85-0458.
[3] See also Atty. Gen. Op. 91-0317.
[4] See Atty. Gen. Op. 78-0600. In Atty. Gen. Op. 88-0340 we stated that, "The Legislature may intend that a special statute prevail over a general statute. Where the enabling statute for a public body specifically authorizes the representation of some or all members of that public body by a designee, as does [La.] R.S. 17:3022 for the Governor's Special Commission on Education Services, the special enabling statute for the public body constitutes a legislative exception to the general prohibitory norm of [La.] R.S. 42:5(B).
[5] It is important to note that any proxy vote of the parish executive committee not submitted in accordance with La.R.S. 18:444(C)(2) could not be counted as it is unauthorized. Atty. Gen. Op. 83-0613.